NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

RAYMOND GABRIEL CABRERA, *Appellant.*

No. 1 CA-CR 16-0595
FILED 6-13-2017

---

Appeal from the Superior Court in Maricopa County
No.  CR2014-108873-001
The Honorable Richard L. Nothwehr, Commissioner

**AFFIRMED AS CORRECTED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Office of Nicole Farnum
By Nicole T. Farnum
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Paul J. McMurdie joined.

---

**N O R R I S,** Judge:

¶1　　　Raymond Gabriel Cabrera timely appeals from his convictions and sentences for criminal damage, a class 5 felony under Arizona Revised Statutes ("A.R.S.") section 13-1602(A)(1) (Supp. 2016),[1] and criminal trespass in the third degree, a class 3 misdemeanor under A.R.S. § 13-1502 (Supp. 2016). After searching the record on appeal and finding no arguable question of law that was not frivolous, Cabrera's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), asking this court to search the record for fundamental error. This court granted counsel's motion to allow Cabrera to file a supplemental brief *in propria persona*, but he did not do so. After reviewing the entire record, we find no fundamental error and, therefore, affirm Cabrera's convictions. We also affirm Cabrera's  sentences as corrected.

### FACTS AND PROCEDURAL BACKGROUND[2]

¶2　　　On the evening of February 22, 2014, Officer J.L. responded to a 911 call from a hotel owner that stated a male had been causing a disturbance with hotel guests. When Officer J.L. arrived, the hotel owner informed him the person causing the disturbance had left and was at the adjoining property, a reception hall that shared a parking lot with the hotel.

¶3　　　Officer J.L. saw Cabrera standing on a sidewalk in front of the reception hall, which had no trespassing signs, and was closed. As

---

[1]The Legislature has not materially amended the statutes cited in this decision after the date of Cabrera's offenses. Thus, we cite to the current version of the statutes.

[2]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Cabrera. *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989).

Officer J.L. approached him, Cabrera threw his beer on the ground. When Officer J.L. contacted Cabrera, Cabrera stated he was no longer on the property and was not trespassing. Officer J.L., however, advised him that he was trespassing on the property of the reception hall and Cabrera responded, "F[—]k You. Nobody called. I'm not trespassing." Because Cabrera did not leave, and gave no indication he intended to leave, Officer J.L. arrested Cabrera for trespassing and transported him to the precinct.

¶4            At the precinct, Officer J.L. had trouble finding the authorization to arrest trespassers given to the police by the owner of the reception hall. Consequently, he decided to release Cabrera. He walked Cabrera from the holding cell to the precinct's lobby and released him. A few minutes later, a police aid working at a desk in the lobby notified Officer J.L. that she had heard "loud banging" outside of the precinct near the lobby area. Officer J.L. walked outside the precinct to investigate. He saw Cabrera walking away from the precinct, and everything looked "the same as normally," so he returned inside.

¶5            A few minutes later, the police aid again heard "loud banging" and again notified Officer J.L. Officer J.L., with Officer W.W., walked into the lobby and were about to walk outside when they heard a "loud bang" and the lobby's window shattered. Officers J.L. and W.W. walked outside of the lobby to the front of the precinct and saw river rocks throughout the parking lot area and Cabrera standing about 30 feet away. Cabrera then said, "Why the f[—]k did you leave me all the way up here on Cactus?" Officer J.L. asked, "Why did you break the window?" Cabrera stated, "Prove it. DNA the rock." Cabrera then took off his sweatshirt and threw it on the ground in a confrontational manner. As Officer J.L. and W.W. moved closer, Cabrera turned around, and put his hands behind his back. Officer J.L. arrested him.

¶6            Afterward, Officer J.L. went outside again to look at the damage and saw that, in addition to the broken window, a government car in the parking lot and some tiles on the roof of the precinct had been damaged. At trial, Officer J.L. testified he had not seen anyone outside of the precinct when he had walked outside. Both officers, and the police aid, testified that the damage had not previously been there earlier in the night. The estimator who repaired the damaged car testified the repairs were over $2,000, and a service aid at the precinct testified the damage to the window was $566.06.

¶7            A jury properly comprised of eight jurors found Cabrera guilty of the offenses listed above. *See supra* ¶ 1. At the sentencing hearing, the superior court found Cabrera had one historical prior felony

conviction.[3] As a category two repetitive offender, the court sentenced Cabrera to the presumptive term of 2.25 years' imprisonment on the criminal damage charge, with 64 days of presentence incarceration credit, and to 30 days in jail with credit for time served on the criminal trespass charge.

## DISCUSSION

**¶8**  We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. Cabrera received a fair trial. He was represented by counsel at all stages of the proceedings. Although Cabrera was present at sentencing, he was voluntarily absent at trial, and waived his right to be present for trial.[4]

**¶9**  The evidence presented at trial was substantial and supports the verdicts. The court properly instructed the jury on the elements of the charges, Cabrera's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. Although the record reflects the court ordered the Adult Probation Department to prepare a presentence report and the sentencing hearing transcript suggests the court considered the report, the record on appeal does not contain the report. Cabrera was given an opportunity to speak at sentencing, and he did so. His sentences were within the range of acceptable sentences for his offenses.

**¶10**  The sentencing minute entry contains three errors concerning the sentence imposed by the court on the criminal damage charge, however. First, the sentencing minute entry states the superior court imposed an aggravated sentence on that charge when, in fact, the court imposed the presumptive sentence of 2.25 years. *See* A.R.S. § 13-703(B), (I) (Supp. 2016). We thus correct the sentencing minute entry to state the superior court imposed a presumptive sentence on the criminal damage charge.

**¶11**  Second, the sentencing minute entry states the superior court sentenced Cabrera pursuant to A.R.S. § 13-702 (2010). The superior court

---

[3]The court found Cabrera had a prior felony conviction for the offense of robbery, a class 4 felony, committed on October 2, 2008, and convicted on July 23, 2009. *See generally* A.R.S. § 13-105(22)(a)(1) (Supp. 2016).

[4]The record reflects the court notified Cabrera of the trial setting, his right to be present, and the consequences if he failed to appear. *See generally* Ariz. R. Crim. P. 9.1.

sentenced Cabrera pursuant to A.R.S. § 13-703, however. We therefore correct the sentencing minute entry by deleting the reference to A.R.S. § 13-702.

¶12    Third, the sentencing minute entry states the superior court found Cabrera had one historical prior felony conviction pursuant to A.R.S. § 13-604 (2010). Section 13-604, however, was inapplicable here as that statute concerns class 6 felony convictions. We correct the sentencing minute entry to delete the reference to A.R.S. § 13-604, and to state that the court found Cabrera had a historical prior felony conviction pursuant to A.R.S. § 13-105(22)(a)(1). *See supra* note 3.

## CONCLUSION

¶13    We decline to order briefing and affirm Cabrera's convictions and sentences, as corrected.

¶14    After the filing of this decision, defense counsel's obligations pertaining to Cabrera's representation in this appeal have ended. Defense counsel need do no more than inform Cabrera of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984).

¶15    Cabrera has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. On the court's own motion, we also grant Cabrera 30 days from the date of this decision to file an *in propria persona* motion for reconsideration.

